**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DIGIACINTO, an individual, on behalf of himself, all others similarly situated, and the general public, | Case No.: 3:22-cv-4690 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| Reckitt Benckiser, LLC, a Delaware limited liability company, | |
| Defendant. | |

1

Plaintiff Joseph DiGiacinto ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, by and through his undersigned counsel, hereby sues Defendant Reckitt Benckiser, LLC ("Defendant") and, upon information and belief and investigation of counsel, alleges as follows:

## I.   **INTRODUCTION**

1.   Defendant makes, distributes, sells, and markets "Children's Delsym Cough Relief." Defendant sells two separate Delsym Cough Relief products: one advertised for adults, and one advertised for children. The Delsym product marketed for children has an image of a cartoon child and the word "children" written on the front label of the product, while the one marketed for adults does not contain an image of a child or the word "children" anywhere on the label.

2.   These representations lead reasonable consumers to believe that the cough relief product advertised for adults is suitable only for adults and the cough relief product advertised for children is suitable for children. Based on this reasonable belief, consumers are willing to pay more for the children's product. Reasonable consumers are willing to pay more for the Children's Delsym Cough Relief product because they want a product that is specifically formulated for children and is guaranteed to be safe for children to consume.

3.   The truth, however, is that the adult's Delsym Cough Relief product has the exact same formula and ingredients as the Children's Delsym Cough Relief product. Defendant puts the same cough syrup into two different products with different labels. Consumers are being deceived and overcharged.

4.   Plaintiff read and relied upon Defendant's advertising when purchasing the Product and was damaged as a result.

5.   Plaintiff brings this action on behalf of himself and all other similarly situated consumers in the United States, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), and False Advertising Law, *id*. §§ 17500 *et seq*. ("FAL"). Plaintiff brings further causes of action for breach of express and implied warranties, negligent

misrepresentation, intentional misrepresentation/fraud, and quasi-contract/unjust enrichment.

6.     Plaintiff seeks an order compelling Defendant to (a) cease marketing the Product using the misleading and unlawful tactics complained of herein, (b) destroy all misleading, deceptive, and unlawful materials, (c) conduct a corrective advertising campaign, (d) restore the amounts by which it has been unjustly enriched, and (e) pay restitution damages and punitive damages, as allowed by law

## II.    JURISDICTION AND VENUE

7.     This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the Class reside in states other than the state of which Defendant is a citizen.

8.     The court has personal jurisdiction over Defendant. Defendant purposely availed itself to California because Defendant transacts, is registered to do business, and does business within this judicial district, and is committing the acts complained of below within this judicial district.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the injury in this case substantially occurred in this District. Defendant has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution, and sale of the Product in this District, and is subject to personal jurisdiction in this District.

## III.    PARTIES

10.     Defendant Reckitt Benckiser, LLC, is a Delaware limited liability company with its principal place of business at 399 Interpace Parkway, Parsippany, New Jersey 07054. Defendant is registered to do business in California as entity number 201126210215. Defendant makes, labels, distributes, sells, and markets the Delsym Cough Relief products throughout the United States and in California. Defendant is responsible for the making, labelling, distribution, selling, and marketing of the Delsym Cough Relief products throughout the applicable statute of limitations period.

11.     Plaintiff Joseph DiGiacinto ("Plaintiff") is a resident of California and has

purchased the Product for personal and household use and not for resale several times throughout the Class Period at a Walgreens store located at 7800 Old Redwood Hwy, Cotati, CA 94931 and a Walmart store located at 4625 Redwood Dr, Rohnert Park, CA 94928. Plaintiff's most recent purchase of the Product was in January of 2022. Plaintiff saw the misrepresentations made on the Product label prior to and at the time of purchase and understood them as representations and warranties that the Product marketed for children was worth a premium, as it was specially formulated for children and safe for children to consume. Plaintiff relied on the representations made on the Product's label in deciding to purchase the Product. These representations and warranties were part of his basis of the bargain, in that he would not have purchased the Product, or would only have been willing to purchase the Product at a lower price, had he known the representations were false. Plaintiff would consider purchasing the Product again if the advertising statements made on the Product labels were, in fact, truthful and represented in a manner as not to deceive consumers.

## IV.   NATURE OF THE ACTION

### A.  Defendant Makes, Markets, Distributes, and Sells Delsym Cough Relief Products

12.     Defendant sells a Children's Delsym Cough Relief product marketed for children and an adult's Delsym Cough Relief product that is marketed for adults.

13.     The Delsym product marketed for children is labeled as "Children's Delsym Cough Relief." The children's product is labeled "Age 4+", "for Children", and contains a cartoon image of a child. The adult Delsym product is not marketed to children. True and correct copies of the front and top label of the children's Delsym Cough Relief product and the adult's Delsym Cough Relief product are shown below:

//
//
//
//
//
//

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






CLASS ACTION COMPLAINT

14.     The side labels of both the children's and adult's Delsym products contain an identical dosing chart that includes dosing amounts for both children and adults. True and correct copies of the side label of the children's Delsym product and the adult's Delsym product are shown below:




15.     The dosing instructions require children to consume less of the Product than adults. A Delsym cough relief product purchased for children would therefore be consumed at a slower rate than a Delsym cough relief product purchased for adults. For this reason, Defendant created and marketed one Product as specially formulated for children and sold that Product at a premium. However, both the active and inactive ingredients listed on the label of both the Children's Delsym product and adult Delsym product are identical in form and quantity.

16.     A true and correct copy of the ingredient list for the children's Delsym product is shown below:



## Ingredients
### Children's Delsym 12 Hour Cough Liquid, Grape 5oz

**Drug Facts**

| Active ingredient (in each 5 mL) | Purpose |
| --- | --- |
| Dextromethorphan polistirex equivalent to 30 mg dextromethorphan hydrobromide..................Cough suppressant | |

**Uses**   temporarily relieves
- cough due to minor throat and bronchial irritation as may occur with the common cold or inhaled irritants
- the impulse to cough to help you get to sleep

**Warnings**

**Do not use** if you are now taking a prescription monoamine oxidase inhibitor (MAOI) (certain drugs for depression, psychiatric, or emotional conditions, or Parkinson's disease), or for 2 weeks after stopping the MAOI drug. If you do not know if your prescription drug contains an MAOI, ask a doctor or pharmacist before taking this product.

**Ask a doctor before use if you have**
- chronic cough that lasts such as occurs with smoking, asthma, or emphysema
- cough that occurs with too much phlegm (mucus)

**Stop use and ask a doctor if** cough lasts more than 7 days, comes back, or occurs with fever, rash, or headache that lasts. These could be signs of a serious condition.

**If pregnant or breast-feeding,** ask a health professional before use.
**Keep out of reach of children.** In case of overdose, get medical help or contact a Poison Control Center right away.

**Directions**   ■ shake bottle well before use
- measure only with dosing cup provided
- do not use dosing cup with other products
- dose as follows or as directed by a doctor

| adults and children 12 years of age and over | 10 mL every 12 hours, not to exceed 20 mL in 24 hours |
| --- | --- |
| children 6 to under 12 years of age | 5 mL, every 12 hours, not to exceed 10 mL in 24 hours |
| children 4 to under 6 years of age | 2.5 mL every 12 hours, not to exceed 5 mL in 24 hours |
| children under 4 years of age | do not use |

**Other information**   ■ each 5 mL contains: **sodium 7 mg**
- store at 20-25°C (68-77°F)   ■ dosing cup provided

**Inactive ingredients** citric acid anhydrous, D&C red no. 33, edetate disodium, ethylcellulose, FD&C blue no. 1, flavor, high fructose corn syrup, methylparaben, partially hydrogenated vegetable oil (soybean, cottonseed), polyethylene glycol 3350, polysorbate 80, propylene glycol, propylparaben, purified water, sucrose, tragacanth, xanthan gum

**Questions?** 1-866-682-4639
You may also report side effects to this phone number.

7

17.     A true and correct copy of the ingredient list for the adult's Delsym product is shown below:



# Ingredients

## Delsym 12 Hour Cough Relief Liquid, Grape 5oz

### Drug Facts

**Active ingredient (in each 5 mL.)**                                **Purpose**
Dextromethorphan polistirex equivalent to
30 mg dextromethorphan hydrobromide...............Cough suppressant

**Uses**   temporarily relieves
■ cough due to minor throat and bronchial irritation as may occur with the common cold or inhaled irritants
■ the impulse to cough to help you get to sleep

**Warnings**
**Do not use** if you are now taking a prescription monoamine oxidase inhibitor (MAOI) (certain drugs for depression, psychiatric, or emotional conditions, or Parkinson's disease), or for 2 weeks after stopping the MAOI drug. If you do not know if your prescription drug contains an MAOI, ask a doctor or pharmacist before taking this product.

**Ask a doctor before use if you have**
■ chronic cough that lasts such as occurs with smoking, asthma, or emphysema
■ cough that occurs with too much phlegm (mucus)

**Stop use and ask a doctor if** cough lasts more than 7 days, comes back, or occurs with fever, rash, or headache that lasts. These could be signs of a serious condition.

**If pregnant or breast-feeding,** ask a health professional before use.
**Keep out of reach of children.** In case of overdose, get medical help or contact a Poison Control Center right away.

**Directions**   ■ shake bottle well before use
■ measure only with dosing cup provided
■ do not use dosing cup with other products
■ dose as follows or as directed by a doctor

| adults and children 12 years of age and over | 10 mL every 12 hours, not to exceed 20 mL in 24 hours |
| children 6 to under 12 years of age | 5 mL every 12 hours, not to exceed 10 mL in 24 hours |
| children 4 to under 6 years of age | 2.5 mL every 12 hours, not to exceed 5 mL in 24 hours |
| children under 4 years of age | do not use |

**Other information**   ■ each 5 mL contains: **sodium 7 mg**
■ store at 20-25°C (68-77°F)   ■ dosing cup provided

**Inactive ingredients** citric acid anhydrous, D&C red no. 33, edetate disodium, ethylcellulose, FD&C blue no. 1, flavor, high fructose corn syrup, methylparaben, partially hydrogenated vegetable oil (soybean, cottonseed), polyethylene glycol 3350, polysorbate 80, propylene glycol, propylparaben, purified water, sucrose, tragacanth, xanthan gum

**Questions?** 1-866-682-4639
You may also report side effects to this phone number.

18.    As shown above, both the children's and the adult's Delsym products contain the same amount of the same active and inactive ingredients.

19.    Both the children's and the adult's Delsym products contain the following active ingredient: "Dextromethorphan polistirex equivalent to 30 mg dextromethorphan hydrobromide."

20.    Both the children's and the adult's Delsym products also contain the following inactive ingredients: "citric acid anhydrous, D&C red no. 33, edetate disodium, ethylcellulose, FD&C blue no. 1, flavor, high fructose corn syrup, methylparaben, partially hydrogenated vegetable oil (soybean, cottonseed), polyethylene glycol 3350, polysorbate 80, propylene glycol, propylparaben, purified water, sucrose, tragacanth, xantham gum."

**B.  The Delsym Cough Relief Product Label is Misleading to Reasonable Consumers**

21.    Based on the different marketing and labeling on the front of the adults' Delsym Cough Relief product and the labeling on the front of the Children's Delsym Cough Relief product, reasonable consumers believe that there is something different about the adults' Delsym Cough Relief product and the Children's Delsym Cough Relief product that makes one better suited for children.

22.    The pricing of the Children's Delsym Cough Relief product reinforces this reasonable belief. Per ounce, the Children's Delsym Cough Relief product costs almost a dollar more than the adult's Delsym Cough Relief product. For example, Walgreens sells 3.0-ounce containers of the Children's Delsym Cough Relief product for $17.99, or $6.00/oz.[1] Walgreens sells 3.0-ounce containers of the adult's Delsym Cough Relief product for $15.49, or $5.16/oz.[2]

23.    The same is true for other retailers: the Children's Delsym Cough Relief product is charged at a premium compared to the adults' Delsym Cough Relief product for the same flavor and amount of fluid ounces. For example, on Walmart.com, children's grape-flavored Delsym Cough Relief sells for $2.97/fl oz while adult's grape-flavored Delsym Cough Relief sells for

---

[1] https://www.walgreens.com/store/c/delsym-children's-cough-suppressant-liquid-grape/ID=prod6006709-product

[2] https://www.walgreens.com/store/c/delsym-adult-cough-suppressant-liquid-grape/ID=prod6006711-product

$2.77/fl oz.[3] Both the children's and adult's grape-flavored Delsym Cough Relief product contain the same amount of the same active and inactive ingredients. The only difference is that one is labeled for children, and one is labeled for adults.

24.     This difference in pricing further indicates to reasonable consumers that the Children's Delsym Cough Relief product is specially formulated for children and is safer for children, thus justifying the difference in price.

25.     The truth, however, is that the Children's Delsym Cough Relief product is not specially formulated for children. The Children's Delsym Cough Relief product is identical to the adult's Delsym Cough Relief product. Yet, the adult Delsym Cough Relief product costs less than the Children's Delsym Cough Relief product. Defendant takes the same exact product and puts it in two different forms of packaging: one labeled for children, and one labeled for adults. Then, Defendant charges more for the product marketed for children. In short, Defendant tricks consumers into thinking they are buying cough relief product specially formulated for children, when in reality, consumers are just buying Defendant's cough relief product for adults in a different packaging marketed for children.

26.     That Defendant is able to charge more for the Children's Delsym Cough Relief product when it is prominently labeled for children and includes a cartoon image of a child on the front label of the Product demonstrates that Defendant's labelling is misleading. Consumers buy the Children's Delsym Product based on the belief that it is specially formulated for children and is safer for children to consume. There is a reason that children have different medicine and are recommended to have different dosages of medicine than adults, and consumers that want to keep children safe rely on companies to not mislead them into paying more for products.

27.     No reasonable consumer who understood that the Children's Delsym Cough Relief product was formulated identically to the adult's Delsym Cough Relief product would choose to

---

[3]   *Compare*   https://www.walmart.com/ip/Children-s-Delsym-12-hour-Cough-Relief-Medicine-Powerful-Good-Hours-Suppressing-Liquid-1-Pediatrician-Recommended-Grape-Flavor-5-Fl-oz/14313115   and   https://www.walmart.com/ip/Delsym-Adult-12-hour-Cough-Relief-Medicine-Powerful-Good-Hours-Suppressing-Liquid-1-Pharmacist-Recommended-Grape-Flavor-5-Fl-Oz/14313114?athbdg=L1200

pay more for it. The very fact that Defendant is able to sell the Children's Delsym Cough Relief product for a higher price demonstrates that its labelling is misleading to consumers.

### C. Plaintiff's Purchases, Reliance, and Injury

28.    Plaintiff Joseph DiGiacinto purchased the Children's Delsym Cough Relief product several times throughout the class period at a Walgreens store located at 7800 Old Redwood Hwy, Cotati, CA 94931 and at a Walmart store located at 4625 Redwood Dr, Rohnert Park, CA 94928 in reliance on the Product's claims that the Product was formulated specifically for children. Plaintiff's most recent purchase was in or around January of 2022 and the cost of the Product was approximately $14.00.

29.    When deciding to purchase the Product, Plaintiff read and relied on the advertisement that the Children's Delsym Cough Relief product was "for children," as well as the additional children-specific representations, which appear directly on the front label of the Product's label and packaging.

30.    Based on these representations, Plaintiff believed that the Product was specially formulated for children and bought it specifically for this reason.

31.    Plaintiff would not have purchased this Product if Plaintiff had known that the Product was, in fact, identical to Delsym Cough Relief product marketed for adults, which costs less than the Children's Delsym Cough Relief product. Plaintiff paid a premium for this Product due to the misleading labelling on the Product's packaging. Had Plaintiff known the truth, Plaintiff could have purchased the same Product for less per ounce than Plaintiff paid.

32.    The representations on the Product's label were and are false and misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably (including the putative Class) because, as described in detail herein, the Product is identical to the Delsym product marketed to adults and is not specially formulated for children.

33.    Plaintiff acted reasonably in relying on the challenged claims that Defendant intentionally placed on the Product's label and packaging with the intent to induce average consumers into purchasing it.

34.    Plaintiff first discovered Defendant's unlawful acts described herein in August of

2022 when he learned that the children's Product was identical to the adult's Product, despite the children's Product costing more.

35.   Plaintiff, in the exercise of reasonable diligence, could not have discovered earlier Defendant's unlawful acts described herein because the violations were known to Defendant, and not to him throughout the Class Period defined herein.

36.   The children's Product costs more than the adult Product without misleading labeling, and would have cost less absent the false and misleading statements.

37.   Plaintiff paid more for the Product, and would only have been willing to pay less, or unwilling to purchase it at all, absent the false and misleading labeling statements complained of herein.

38.   For these reasons, the Product was worth less than what Plaintiff paid for it.

39.   Plaintiff would like to, and would consider, purchasing the Product again when he can do so with the assurance that the Product's label is truthful and consistent with the Product's ingredients.

40.   Plaintiff will be unable to rely on the Product's advertising or labeling in the future, and so will not purchase the Product again although he would like to.

41.   Plaintiff lost money as a result of Defendant's deceptive claims and practices in that he did not receive what he paid for when purchasing the Product.

42.   Plaintiff detrimentally altered his position and suffered damages in an amount equal to the premium he paid for the Product.

43.   The senior officers and directors of Defendant allowed the Product to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading.

## V.   CLASS ACTION ALLEGATIONS

44.   Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks certification of the following Classes (or alternative Classes or Subclasses), for the time period from when the Delsym Cough Relief product first entered into the stream of commerce until the present ("Class Period"), as defined as follows:

**The Nationwide Class is defined as follows**:

> All U.S. citizens who purchased the Product in their respective state of citizenship for personal and household use and not for resale during the Class Period.

**The California Subclass is defined as follows**:

> All California citizens who purchased the Product in California for personal and household use and not for resale during the Class Period.

45.     The Classes and Subclasses described in this complaint will jointly be referred to as the "Class" or the "Classes" unless otherwise stated, and the proposed members of the Classes and Subclasses will jointly be referred to as "Class Members."

46.     Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

47.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

48.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds and members of the Classes are numerous.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

49.     Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief and damages as to the Product appropriate with respect to the Classes as a whole.

In particular, Defendant has failed to disclose the true nature of the Product being marketed as described herein.

50.     There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiff and the Classes and these common questions of fact and law include, but are not limited to, the following:

      a.   Whether Defendant breached any express warranties made to Plaintiff and the Class;

      b.   Whether Defendant breached any implied warranties made to Plaintiff and the Class;

      c.   Whether Defendant engaged, and continues to engage, in unfair or deceptive acts and practices in connection with the marketing, advertising, and sales of the Product;

      d.   Whether Defendant violated other consumer protection statutes, false advertising statutes, or state deceptive business practices statutes;

      e.   Whether Defendant's conduct violates public policy; whether Defendant's conduct violates state and federal food statutes or regulations; whether the Product is misbranded;

      f.   The proper amount of restitution, damages, and punitive damages;

      g.   The proper injunctive relief, including a corrective advertising campaign; and

      h.   The proper amount of attorneys' fees.

51.     These common questions of law and fact predominate over questions that affect only individual Class Members.

52.     Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Product, and suffered economic injury because the Product was and still is misrepresented. Absent Defendant's business practice of deceptively and unlawfully labeling the Product, Plaintiff and Class Members would not have purchased the Product, or would

1  have paid less for it.

2      53.   Plaintiff will fairly and adequately represent and protect the interests of the Classes,

3  has no interests incompatible with the interests of the Classes, and has retained counsel with

4  substantial experience in handling complex consumer class action litigation.  Plaintiff and his

5  counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the

6  financial resources to do so.

7      54.   Plaintiff and the members of the Classes suffered, and will continue to suffer harm

8  as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other

9  available methods for the fair and efficient adjudication of the present controversy. Individual

10  joinder of all members of the Classes is impracticable.  Even if individual Class members had the

11  resources to pursue individual litigation, it would be unduly burdensome to the courts in which the

12  individual litigation would proceed.  Individual litigation magnifies the delay and expense to all

13  parties in the court system of resolving the controversies engendered by Defendant's common

14  course of conduct.  The class action device allows a single court to provide the benefits of unitary

15  adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in

16  a single forum.  The conduct of this action as a class action conserves the resources of the parties

17  and of the judicial system and protects the rights of the class members.  Furthermore, for many, if

18  not most, a class action is the only feasible mechanism that allows an opportunity for legal redress

19  and justice.

20      55.   Adjudication of individual Class members' claims with respect to Defendant

21  would, as a practical matter, be dispositive of the interests of other members not parties to the

22  adjudication, and could substantially impair or impede the ability of other class members to protect

23  their interests.

24      56.   Defendant has acted on grounds applicable to the Class, thereby making appropriate

25  final public injunctive and declaratory relief concerning the Class as a whole.

26      57.   As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P.

27  23(b)(2) and 23(b)(3).

28  //

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

### (*on behalf of the California Class*)

58.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

59.    California's Unfair Competition Law, Business and Professions Code §17200 (the "UCL") prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising, and continues to engage in such business conduct, in violation of the UCL.

60.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

### Fraudulent

61.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

62.    As set forth herein, Defendant's claims relating to the Product are likely to mislead reasonable consumers to believe the Product is specially formulated for children and is worth a premium.

63.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members.  Plaintiff has suffered injury in fact as a result of Defendant's unfair conduct.  Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against Defendant, as set forth in the Prayer for Relief.

64.    Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

16

65.     Plaintiff also seeks an order for the disgorgement and restitution of the premium received from the sale of the Products the Class Members purchased, which was unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition, and attorneys' fees and costs.

### Unlawful

66.     The acts alleged herein are ''unlawful'' under the UCL in that they violate at least the following laws:

a.     By knowingly and intentionally concealing from Plaintiff and the other Class members that the Product was not specially formulated for children while obtaining a premium from Plaintiff and the Classes;

b.     By misrepresenting the nature of the Product as being specially formulated for children and worth a premium;

c.     By engaging in the conduct giving rise to the claims asserted in this complaint;

d.     By violating California Civil Code §§ 1709-1711 by making affirmative misrepresentations about the Product;

e.     By violating California Civil Code §§ 1709-1711 by suppressing material information about the Product;

f.     By violating the California Commercial Code for breaches of express and implied warranties.

g.     By violating California's Sherman Act, Cal. Health & Safety Code § 110390, which prohibits drug and cosmetics labelling that is "false or misleading in any particular";

h.     By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and

i.     By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

67.     Such conduct is ongoing and continues to this date.

68.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

### Unfair

69.     Defendant's acts, omissions, misrepresentations, practices and nondisclosures as

alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  In the alternative, Defendant's business conduct as described herein violates relevant laws designed to protect consumers and business from unfair competition in the marketplace.  Such conduct is ongoing and continues to date.

70.     Defendant's conduct with respect to the labeling, advertising, and sale of the Product was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the Consumers Legal Remedies Act, the False Advertising Law, and portions of the California Sherman Food, Drug, and Cosmetic Law.

71.     Defendant's conduct with respect to the labeling, advertising, and sale of the Product was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

72.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Product to unwary consumers.

73.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Product's packaging. Thus, public injunctive relief enjoining Defendant's deceptive practices is proper.

74.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

75.     Classwide reliance can be inferred because Defendant's misrepresentations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to buy the Children's Delsym Cough Relief product.

76.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

77.    Plaintiff and the Classes were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Children's Delsym Cough Relief product if they had known the truth and (b) they overpaid for the Product because the Products is sold at a price premium due to the misrepresentations.

**SECOND CAUSE OF ACTION**

**Violations of the False Advertising Law,**

**Cal. Bus. & Prof. Code §§ 17500 *et seq*.**

**(*on behalf of the California Class*)**

78.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

79.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

80.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

81.    As alleged herein, Defendant falsely advertised the Children's Delsym Cough Relief product by falsely representing that the Product was specifically formulated for children and safer for consumption by children, when in fact the Product is identical to the adult's Delsym Cough Relief product.

82.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased the Product in reliance on Defendant's false and misleading labeling claims that the Product, among other things, was specially formulated for children and worth a premium.

83.    Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Product in a

manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

84. Defendant profited from its sale of the falsely and deceptively advertised Product to unwary consumers.

85. As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

86. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and the Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## THIRD CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code §§ 1750 *et seq*.

### (*on behalf of the California Class*)

87. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

88. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

89. Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have; and

b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

90.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.

91.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

92.     Pursuant to § 1782 of the CLRA, Plaintiff will notify Defendant in writing of the particular violations of §1770 of the CLRA and demand that Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and giving notice to all affected customers of its intent to do so. Plaintiff will send this notice by certified mail, return receipt requested, to Defendant's principal place of business, and if Defendant does not comply within 30 days, Plaintiff will amend this complaint accordingly. Until such time, this Complaint seeks only injunctive relief for Defendant's violations of the CLRA and not damages under §§ 1770 and 1782.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranties,

### Cal. Com. Code § 2313(1)

### (*on behalf of all Classes*)

93.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

94.     Through the Product's label and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Product in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

95.     The foregoing representations were material and were a substantial factor in causing the harm suffered by Plaintiff and the Class because they concerned alleged valuation of the Product regarding its suitability for children.

96.      These representations had an influence on consumers' decisions in purchasing the Product.

97.     Defendant made the above representations to induce Plaintiff and the members of

Class to purchase the Product. Plaintiff and the Class members relied on the representations when purchasing Defendant's product.

98.   Defendant breached the express warranties by selling a Product that was marketed as specially formulated for children and sold at a premium, when in fact, the Product was identical to the adult's Delsym Cough Relief product.

99.   That breach actually and proximately caused injury in the form of the price premium that Plaintiff and Class members paid for the Product.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties,

### Cal. Com. Code § 2314

### (*on behalf of all Classes*)

100.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

101.   Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Product, made representations to Plaintiff and the Class that, among other things, the Product was specially formulated for children and worth a premium.

102.   Plaintiff and the Class bought the Product manufactured, advertised, and sold by Defendant, as described herein.

103.   Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

104.   However, Defendant breached that implied warranty in that the Product was not specially formulated for children, and instead, was identical to the adult's Delsym Cough Relief product.

105.   As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that it did not conform to promises and affirmations made on the container or label of the goods.

106.   Plaintiff and Class have sustained damages as a proximate result of the foregoing

breach of implied warranty in the amount of the Product's price premium.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

### (*on behalf of all Classes*)

107.    Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

108.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Product because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

109.    During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Product, including that the Product was specially formulated for children and worth a premium.

110.    Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Product at a premium price.

111.    Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for a product that was identical to a lower-priced product.

112.    Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Product.

113.    Plaintiff and the Class Members would not have purchased the Product or paid as much for the Product if the true facts had been known.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation/Fraud

### (*on behalf of all Classes*)

114.     Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

115.     Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Product because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

116.     During the applicable Class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Product, including that the Product was specially formulated for children, safer to consume for children, and worth a premium. These representations were material and were uniformly made.

117.     As noted in detail above, these representations were false and misleading, as the Children's Delsym Cough Relief product is identical to the adult's Delsym Cough Relief product. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

118.     Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Product at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

119.     Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that children required a smaller dose of the Product than adults and that Delsym cough syrup purchased for children would be purchased at a slower rate than Delsym cough syrup purchased for adults. For that reason, Defendant offered a Product that was marketed and advertised as specially formulated for children so Defendant could sell that Product at a premium and realize greater profits irrespective of whether consumers intended to purchase Delsym products for children or adults. Defendant knew that consumers would place trust and confidence in its Product's claims and rely thereon in their purchase of the Product. In addition to Defendant's knowledge that the Product was not specially formulated for children and was not worth a

24

premium, Defendant expressly represented that the Children's product was safer to consume for children and superior to the adult's Delsym product when purchasing for children, and generated great profit by instilling confidence in its consumer base that its claims were credible.

120.   Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Product.

121.   As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Product at a premium.

122.   Plaintiff and the Class Members would not have purchased the Product or paid as much for the Product if the true facts had been known.

123.   As a result of their reliance, Plaintiff and Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase.

124.   Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members. Plaintiff and Class Members are therefore entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### Quasi-Contract/ Unjust Enrichment

### (*on behalf of all Classes*)

125.   Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

126.   As alleged in detail above, Defendant's false and misleading labelling caused Plaintiff and the Class to purchase the Children's Delsym Cough Relief product at a premium.

127.   In this way, Defendant received a direct and unjust benefit, at Plaintiff and the Class's expense.

128.   It would be unjust and inequitable for Defendant to retain the above-mentioned benefits. For example, Defendant was only able to charge a premium for the Children's Delsym product by intentionally withholding information from Plaintiff, or otherwise misrepresenting the

Product's qualities.

129.    Plaintiff and the Class seek restitution.

## VI.     PRAYER FOR RELIEF

130.    Wherefore, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action, including:

a.     An order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3);

b.     An order maintaining this action as a class action and/or an order maintaining a particular issue class action pursuant to Federal Rule of Civil Procedure 23(c)(4);

c.     An order requiring Defendant to bear the costs of class notice;

d.     An order appointing Plaintiff as the class representative and the Law Offices of Ronald A. Marron as Class Counsel;

e.     An order compelling Defendant to conduct a corrective advertising campaign;

f.     An order compelling Defendant to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Products;

g.     An order awarding disgorgement of Defendant's profits that were obtained from its ill-gotten gains in connection with its sales of the Product to Plaintiff and the class members;

h.     An order awarding restitution in the amount of the price premium paid by the class members for the Product;

i.     An award for punitive damages;

j.     An award of attorneys' fees and costs; and

k.     An order providing for all other such further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 16, 2022              Respectfully Submitted,


                                    /s/ *Ronald A. Marron*
                                    Ronald A. Marron

                                    **LAW OFFICES OF RONALD A. MARRON**
                                    RONALD A. MARRON
                                    *ron@consumersadvocates.com*
                                    MICHAEL T. HOUCHIN
                                    *mike@consumersadvocates.com*
                                    LILACH HALPERIN
                                    *lilach@consumersadvocates.com*
                                    651 Arroyo Drive
                                    San Diego, California 92103
                                    Telephone: (619) 696-9006
                                    Facsimile: (619) 564-6665
                                    ***Counsel for Plaintiff and the Proposed Class***