UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DIGIACINTO,<br><br>    Plaintiff,<br><br>    v.<br><br>RB HEALTH (US) LLC,<br><br>    Defendant. | Case No. 22-cv-04690-DMR<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 26 |

Plaintiff Joseph DiGiacinto filed this putative class action on August 16, 2022. Pursuant to the parties' stipulation and a court order granting the same, he filed a first amended class action complaint ("FAC") on November 7, 2022. [Docket Nos. 18, 24.] The FAC alleges false, misleading, and deceptive marketing practices with respect to the marketing and labeling of Defendant RB Health (US) LLC's "Children's Delsym Cough Relief" product. Defendant must file its response to the FAC, including a motion to dismiss, by December 9, 2022, with a hearing on any such motion set for February 23, 2023. Defendant now moves to stay discovery until after resolution of its anticipated motion to dismiss the FAC. [Docket No. 26.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

RB Health seeks to stay discovery on the ground that its anticipated motion to dismiss "would dispose of the entire litigation" for two reasons: 1) the FAC does not identify any misleading statement on the products at issue; therefore, the "allegations amount to nothing more than a non-justiciable request that the Court regulate the price of products" and the claims fail as a matter of law; and 2) Plaintiff lacks standing to bring this action because there is no "causal nexus between his alleged harm and [Defendant's] conduct" since Defendant does not set the prices at

1  which retailers sell its products.  Mot. 1, 7.  Defendant cites a number of cases in which courts in
2  this circuit have dismissed purportedly similar allegations for failure to identify false or
3  misleading representations.  *See id*. at 1, 5 (citations omitted).  Defendant argues that a stay of
4  discovery "will serve judicial economy and promote efficiency" since the case is in its early
5  stages, the court has not held the initial case management conference, and Plaintiff would not be
6  prejudiced by a stay.  It also argues that it would be "unduly burdened" if it is forced to respond to
7  discovery before the court determines whether the FAC pleads any plausible claims.  *Id*. at 9.

        Plaintiff opposes the motion, arguing that Defendant has failed to meet its "heavy burden" to justify a stay of discovery.  Opp'n 3 (quoting *Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) ("A party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied." (quoting *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975)); *see also Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (same).  Plaintiff disputes the likelihood of whether Defendant's motion to dismiss will dispose of the entire case, distinguishing the cases cited by Defendant and citing numerous cases that he contends support his claims that Defendant's products contain actionable misrepresentations.  *Id*. at 3-6 (citations omitted).

        District courts have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and courts in this district have adopted a two-part test to determine whether to stay discovery pending resolution of a dispositive motion.  *See Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D. 349, 351 (N.D. Cal. 2003); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (collecting cases applying the test).  First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  *Pacific Lumber Co.,* 220 F.R.D. at 351.  Second, the court must determine whether the pending dispositive motion can be decided absent discovery.  *Id.* at 352.  "If the court answers these two questions in the affirmative, a protective order may issue.  However, if either prong of this test is not established, discovery proceeds."  *Id.*  "In applying this two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to

United States District Court
Northern District of California

assess whether a stay is warranted." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

In this case, as Defendant's motion to dismiss has not yet been filed, the court cannot assess the merits of the motion. Moreover, even if some or all of Plaintiffs' claims are deficient, the court will assess whether leave to amend should be granted, rendering Defendant's motion non-dispositive. *See, e.g., Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery pending resolution of motion to dismiss, noting that defendant assumed that the court would not grant plaintiff leave to amend if it granted the motion to dismiss); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, No. C 10-01324 JF PVT, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (same). Accordingly, Defendant has failed to meet its burden to demonstrate that a discovery stay is appropriate. Its motion to stay discovery is therefore denied.

**IT IS SO ORDERED.**

Dated: December 5, 2022



Donna M. Ryu
United States Magistrate Judge