UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DIGIACINTO,<br><br>    Plaintiff,<br><br>    v.<br><br>RB HEALTH (US) LLC,<br><br>    Defendant. | Case No. 22-cv-04690-DMR<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 83 |

The parties filed a joint discovery letter in which Plaintiff Joseph DiGiacinto challenges redactions in Defendant RB Health (US) LLC's document production and moves to compel production of unredacted documents. [Docket No. 83.] Defendant argues that "all of the redactions cover information" that is non-responsive to Plaintiff's discovery requests and not relevant to the litigation. *Id*. at 3.

As a general matter, it is improper to redact portions of otherwise responsive documents on the grounds that those portions are not relevant or responsive. *Doe v. Trump*, 329 F.R.D. 262, 275 (W.D. Wash. 2018); *see In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 12230960, at *1 (N.D. Cal. Mar. 15, 2013) ("The Court will not permit Defendants to redact information based on Defendants' unilateral assessment of lack of relevance and/or responsiveness."). "It is a rare document that contains only relevant information; and irrelevant information within an otherwise relevant document may provide context necessary to understand the relevant information." *Doe*, 329 F.R.D. at 276. Moreover, "the unilateral redaction of irrelevant or nonresponsive material from otherwise responsive documents gives rise to suspicion that relevant material harmful to the producing party has been obscured and tends to make documents confusing or difficult to use." *Id*. (internal quotation marks and citation omitted). Redactions are also highly disfavored where, as here, there is a protective order in place (Docket

No. 36). *See Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-CV-02087-EJD, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022) (affording only "slight deference" to defendant's concern about disclosure of irrelevant information where there was a protective order in place and disallowing redactions based only on responsiveness and relevancy); *United States v. McGraw-Hill Companies, Inc.*, No. CV 13-0779-DOC JCGX, 2014 WL 8662657, at *3, 4 (C.D. Cal. Sept. 25, 2014) ("if materials are already shielded by a protective order, unilateral redactions do little more than breed suspicion between the parties, generate discovery disputes, and invite unnecessary intervention by the court . . . unilateral redactions are inappropriate if they seek not to protect sensitive or protected information, but merely to keep non-responsive information out of an adversary's hands.").

Defendant does not explain why the protective order is not sufficient to protect its interests in the redacted material. As Defendant has not shown a legal basis for its redactions based on relevance and responsiveness, Plaintiffs' motion is granted. Defendant shall produce unredacted documents responsive to Plaintiff's requests within seven days of the date of this Order.

**IT IS SO ORDERED.**

Dated: February 16, 2024



Donna M. Ryu
Chief Magistrate Judge